IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ATAIN SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                                                                    Civ. No. 21-1148 KRS/GBW

BOBYLANDIA, LLC, *et al.*,

    Defendants.

## ORDER QUASHING IN PART ORDER TO SHOW CAUSE AND FILE PROOF OF SERVICE OR WAIVER AND EXTENDING DEADLINE TO SERVE DEFENDANTS LOPEZ AND MEDINA

THIS MATTER is before the Court on its Order to Show Cause and File Proof of Service or Waiver (*doc. 9*) and Plaintiff's Response to Court's Show Cause Order (*doc. 11*). Having reviewed its Order and Plaintiff's Response and being fully advised in the premises, the Court QUASHES its Order to Show Cause and File Proof of Service or Waiver IN PART as to the Order to Show Cause therein and EXTENDS the deadline for Plaintiff to serve Defendants Lopez and Medina.

### I. BACKGROUND

On April 28, 2022, the Court order Plaintiff to, *inter alia*, show cause "why its case should not be dismissed without prejudice as to [Defendants Lopez and Medina] for failure to comply with the service and time provisions of Rule 4(m)." *Doc. 9* at 2. On

May 11, 2022, Plaintiff responded to the Court's Order and explained the following: (i) Defendants Lopez and Medina are joined as nominal parties since they are not party to the insuring agreement between Plaintiff and other Defendants that underlies these proceedings but have filed a lawsuit against these other Defendants; (ii) Plaintiff initially did not request the issuance of a summons for Defendants Lopez and Medina since it had intended to offer them an "estoppel agreement" in which these Defendants would agree to be bound by the outcome of this action in lieu of being joined as parties; (iii) Plaintiff attempted to contact Defendants Lopez and Medina's counsel to enter into the above agreement or waive service; (iv) Plaintiff eventually made contact with that counsel on an unspecified date who advised that he needed to confer with his clients before accepting service on their behalf; and (v) as of May 11, 2022, Defendant Lopez has agreed to waive service and Defendant Medina has not confirmed whether his counsel has authority to receive service on his behalf. *See doc 11* at 1-2. Plaintiff also requests that the Court extend the deadline to submit waiver of service forms for Defendants Lopez and Medina or have them served by "no more than thirty (30) days." *Id.* at 2.

II.   **ANALYSIS**

Federal Rule of Civil Procedure 4(m) required Plaintiff to serve Defendants Lopez and Medina within ninety days of filing its complaint but allows the Court to extend this deadline for good cause shown. *See* Fed. R. Civ. P. 4(m). "The plaintiff who

seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). The provision is interpreted narrowly. *Id.* at 174. Oversight, mistake of counsel, ignorance of the rules, reliance on a process server who fails to perform, or absence of any prejudice to the unserved defendant is usually not sufficient to satisfy it. *Id.* at 174, 176; *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994); *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991).

Federal Rule of Civil Procedure 4(m) also gives the Court the discretion to extend the service deadline in the absence of good cause. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). When wielding its discretion, the Court must consider the following: (i) a plaintiff's *pro se* status; (ii) any confusion or delay attendant to the resolution of an *in forma pauperis* petition; (iii) the timeliness of plaintiff's claims if they were refiled subsequent to dismissal for untimely service; (iv) prejudice to the unserved defendant; and (v) the complexity of service requirements for federal defendants. *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021); *Espinoza*, 52 F.3d. at 842 & n.8. Some district courts also consider whether the unserved defendant has evaded service or has notice of the underlying lawsuit. *See Trotter v. City of Park City*, No. 05-1311-WEB, 2006 WL 8440061, at *3 (D. Kan. July 10, 2006); *Ireland v. Midwest Mech. Grp., Inc.*, No. 05-2063-JWL, 2005 WL 2099545, at *2 (D. Kan. Aug. 30, 2005). Other

district courts consider the likelihood of eventual service. *See Golden v. Mentor Capital, Inc.*, Case No. 2:15-cv-00176-JNP-BCW, 2017 WL 3379106, at *3 (D. Utah Aug. 3, 2017).

Extending the deadline for Plaintiff to serve Defendants Lopez and Medina is a proper exercise of the Court's discretion, so the Court does not reach the question of whether Plaintiff's communications with counsel for Defendants Lopez and Medina constitute the meticulous efforts required to extend the deadline for good cause. Plaintiff is not *pro se*, the unserved Defendants are not federal officials or entities, and there is no *in forma pauperis* petition. But Defendants Lopez and Medina incur no prejudice from a short, discretionary extension as they have notice of this lawsuit through their attorney and this lawsuit is not progressing in their absence. Moreover, these Defendants' service (or waiver of service) will likely be completed soon, as Defendant Lopez has agreed to waive service (but not yet returned or filed an executed waiver) and Plaintiff is in contact with Defendant Medina's counsel. *See doc. 11* at 2.

### III.   CONCLUSION

For the reasons stated above and based on the explanation provided by Plaintiff in its Response to the Court's Show Cause Order, the Court exercises its discretion to quash its Order to Show Cause and extend the deadline for Plaintiff to serve Defendants Lopez and Medina. IT IS HEREBY ORDERED that the Court's Order to Show Cause and File Proof of Service or Waiver (*doc. 9*) is QUASHED IN PART as to its Order to

Show Cause and that the deadline for Plaintiff to serve Defendants Lopez and Medina is EXTENDED through **June 10, 2022**.

    **IT IS SO ORDERED.**

                                                                GREGORY B. WORMUTH
                                                                UNITED STATES MAGISTRATE JUDGE