IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ATAIN SPECIALTY INSURANCE
COMPANY,

      **Plaintiff,**

v.                                          Civ. No.  21-cv-01148 JCH/GBW

BOBYLANDIA, LLC, ROBERTO ASSAEL,
GUILLERMO GARCIA, TODD LOPEZ, as
CONSERVATOR for MANUEL
CARRASCO-SUAREZ, and YOLANDA L.
MEDINA,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendants Bobylandia, LLC, Roberto Assael, and Guillermo Garcia's Motion to Stay Proceedings* (ECF No. 24). In this declaratory judgment action, Plaintiff Atain Specialty Insurance Company ("Plaintiff" or "Atain") seeks a judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that it has no duty to defend or indemnify Bobylandia, LLC ("Bobylandia"), Roberto Assael, Guillermo Garcia, Todd Lopez, Manuel Carrasco-Suarez, and Yolanda L. Medina, under policy number CIP363077 ("the Policy") in a lawsuit filed in the First Judicial District Court of Santa Fe County, New Mexico, *Todd Lopez, et al. v. Jordan Construction Co., et al.*, D-101-CV-2020-01611 (the "Underlying Lawsuit"). The Underlying Lawsuit arose from an incident in which Carrasco-Suarez sustained catastrophic injuries when a concrete and metal frame he was securing collapsed and fell on him. (Compl. ¶ 12, ECF No. 1; Underlying Am. Compl. ¶ 53, ECF No. 1-3.) Among other things, the parties dispute whether an endorsement in the Policy applies that excludes coverage for bodily injury to an

employee, subcontractor, and certain other identified workers. (*See* Compl. ¶ 36, ECF No. 1.) Defendants seek a stay of these federal proceedings pending the resolution of the Underlying Lawsuit that may clarify the employment relationship between Bobylandia and Carrasco-Suarez. The Court, having considered the motion, briefs, pleadings, and relevant law will deny the motion to stay at this time.

**I. BACKGROUND**

On September 28, 2018, Manuel Carrasco-Suarez was injured when a concrete and metal frame he was securing on a building in Sunland Park, New Mexico, ("the Building") collapsed and fell on him. (Compl. ¶¶ 12-13, ECF No. 1.) Bobylandia, a limited liability company, was the owner of the Building. (*Id.* ¶¶ 4, 13.) Todd Lopez, as conservator for Carrasco-Suarez and for Carrasco-Suarez's wife, Yolanda Medina, (collectively, the "Underlying Plaintiffs"), filed a lawsuit in New Mexico state court against numerous entities, including Bobylandia; Jordan Construction Co. ("Jordan Construction"), who contracted with Bobylandia to construct and frame the Building; Roberto Assael, the owner of Bobylandia; and Guillermo Garcia, the comptroller for Vista Star, LLC. (*See id.* ¶¶ 1, 14, 49; Underlying Am. Compl. ¶¶ 4, 9-10, ECF No. 1-3.) Bobylandia hired Vista Star, a real estate firm that offers construction management services, and Garcia to oversee the construction project and perform comptroller services. (Underlying Am. Compl. ¶ 26, ECF No. 1-3.) According to the Underlying Plaintiffs, Jordan Construction contracted with MGI Concrete Metal Buildings ("MGI") to construct and/or frame the Building, and MGI hired Carrasco-Suarez and others to perform that work. (Compl. ¶¶ 15-16, ECF No. 1.) Among other things, the Underlying Plaintiffs allege that Bobylandia, Assael, and Garcia breached their duty to Carrasco-Suarez by failing to provide a safe workplace and failing to adequately hire, train, and supervise competent employees to supervise and control the work in a safe manner in accordance

with regulations and industry standards. (*See id.* ¶ 26.) The Underlying Amended Complaint contains causes of action against Bobylandia, Assael, and Garcia for negligence and vicarious liability. *(See id.* ¶¶ 27-32.)

Atain is a surplus lines insurer that issued the Policy of insurance to Bobylandia. (Compl. ¶ 3, ECF No. 1.) Atain alleges that the Policy contains an Employer's Liability Exclusion, according to which there is no coverage for bodily injury "to an 'employee', subcontractor, employee of any subcontractor, 'independent contractor', employee of any 'independent contractor', 'temporary worker', 'leased worker', 'volunteer worker' of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity…." (Policy, ECF No. 1-2 at 23 of 75.) According to Attain, the bodily injuries to Carrasco-Suarez are excluded because he falls within one or more of the enumerated categories of excluded injured persons based on the relationship between Bobylandia and its contractors and on the relationship between Carrasco-Suarez and those contractors. (*See* Compl. ¶¶ 42-51.) In its federal complaint, Attain also raises other grounds that limit its coverage, such as the workers' compensation exclusion and the "Expected or Intended injury" exclusion, exclusion of punitive damages, challenges to the status of Assael and Garcia as insureds, and "other insurance" limitations. (*See* Compl. 11-15, ECF No. 1.) Attain filed this suit seeking a declaratory judgment (1) that the Employer's Liability Exclusion excludes coverage for the Underlying Lawsuit because it excludes all of the Underlying Plaintiffs' causes of action arising out of the incident (Count I); (2) that Atain has no duty to defend or indemnify Assael and Garcia for the Underlying Lawsuit when acting outside their capacities as members, managers, or employees of any insured and to the extent Garcia does not qualify as an insured (Count II); and (3) that other miscellaneous policy

terms, conditions, and exclusions apply to limit or exclude coverage for the Underlying Lawsuit (Count III). (*See id.*)

On July 19, 2022, Defendants Bobylandia, Assael, and Garcia ("Defendants") filed a *Motion to Stay Proceedings* (ECF No. 24), arguing for a stay of this case pending resolution of the necessary facts in the Underlying Lawsuit sufficient to determine coverage. According to Defendants, coverage cannot be conclusively determined by the allegations of the state court complaint and state law requires the insurer to defend the suit if there is uncertainty in coverage. Attain responds that Defendants' position essentially requires the Court to assume that the duty to defend exists without a full record or briefing, which would prejudice Attain. Plaintiff argues that Defendants have not shown any prejudice to them in this case proceeding and that judicial economy is not served by the piecemeal litigation that would result from a stay. Atain thus requests this Court deny the motion to stay.

## II.     STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, the court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. Because a party's "right to proceed in court should not be denied except under the most extreme circumstances," the movant for a stay must make a strong showing that the remedy is necessary and clearly outweighs the disadvantageous effect on the non-movant. *Commodity Futures Trading Com'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). The parties agree that this Court, in exercising its discretion in ruling on the

motion to stay proceedings, should weigh various factors, including the parties' competing interests and judicial economy. (*See* Defs.' Mot. 2, ECF No. 24; Pl.'s Resp. 3, ECF No. 27 (both relying on *Capitol Specialty Ins. Co. v. Southwest Clubs, Inc.*, No. 12-001299 MCA/LAM, 2015 WL 11117308, at *3 (D.N.M. Mar. 31, 2015)).)

### III. ANALYSIS

Under the Declaratory Judgment Act, a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). One of the functions of the Declaratory Judgment Act is to provide insurers a forum to seek to have their liability declared. *Horace Mann Ins. Co. v. Johnson By & Through Johnson*, 953 F.2d 575, 579 (10th Cir. 1991). In such a case before the federal court on diversity jurisdiction, the district court applies state law to determine the meaning of an insurance policy. *See Butt v. Bank of America, N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007).

An insurer's duty to defend is independent of its duty to insure. *Foundation Reserve Ins. Co. v. Mullenix*, 1982-NMSC-038, ¶ 6, 97 N.M. 618. Whether an insurer has a duty to defend is determined by comparing the factual allegations in the complaint with the insurance policy. *Foundation Reserve*, 1982-NMSC-038, ¶ 6 (quoting *American Employers' Ins. Co. v. Continental Casualty Co.*, 85 N.M. 346, 348 (1973)). In New Mexico, a liability insurer is obligated to defend when the complaint alleges facts potentially within the coverage of the policy. *Valley Imp. Ass'n, Inc. v. U.S. Fidelity & Guar. Corp.*, 129 F.3d 1108, 1116 (10th Cir. 1997). When a policy term is reasonably and fairly susceptible of different constructions, it is ambiguous. *United Nuclear Corp. v. Allstate Ins. Co.*, 2012-NMSC-032, ¶ 10, 285 P.3d 644. As long as both the insured's and insurer's constructions are reasonable, an ambiguity exists, even if the insurer's interpretation is more logical. *Id.* ¶ 11. Courts construe ambiguities in favor of potential coverage. *Id.* "Only where

the allegations are completely outside policy coverage may the insurer justifiably refuse to defend." *State Farm Fire & Casualty Co. v. Price*, 1994-NMCA-036, ¶ 18, 101 N.M. 438, *overruled on other grounds by Ellingwood v. N.N. Investors Life Ins. Co.*, 1991-NMSC-006, 111 N.M. 301 (1991).

Defendants assert that, because the allegations in the Underlying Amended Complaint are ambiguous and do not establish the employment relationships of the workers involved, this Court should stay this proceeding until the Underlying Litigation reveals the necessary facts to determine coverage. Defendants contend that the Policy covers bodily injuries for certain relationships to include individuals contracting with a subcontractor of an insured (but not a subcontractor's employees) and individuals contracting with an independent contractor of an insured (but not an independent contractor's employees). (Defs.' Mot. 6, ECF No. 24.) According to Defendants, MGI's relationship with Bobylandia and Carrasco-Suarez's relationship with MGI are not clear from the complaint and require factual development in the Underlying Lawsuit.

Defendants rely on *Lopez v. New Mexico Public Schools Insurance Authority*, 1994-NMSC-017, 117 N.M. 207, for the proposition that an insurer's duty to defend is triggered by general or vague allegations in a complaint where it is possible to read allegations as based on excluded or non-excluded grounds. *Id.* ¶ 12. In *Lopez*, the New Mexico Supreme Court noted, "a determination of whether an exclusion relieves an insurer from a duty to defend must be made in the primary lawsuit, and not in an action for declaratory judgment, because it is a factual question." *Id.* ¶ 11. Relying on *Mullinex*, the *Lopez* court explained that, where the complaint tends to show an occurrence within coverage of the policy, an insurer has a duty to defend until it can be determined in the *primary* action whether the exclusionary provision in the policy applies. *Id.* (citing *Mullinex*, 97 N.M. at 620). Conversely, if the court can decide the issue of the duty to

6

defend as a matter of law based on the allegations of the underlying complaint, then the court need not wait any factual resolution in the underlying litigation. *See Capitol Specialty*, 2014 WL 11515028, at *11 (discussing *Lopez*).

As relevant to this motion, the allegations state: Assael, on behalf of Bobylandia or others, "selected Jordan Construction as a subcontractor" (Underlying Am. Compl. ¶ 36, ECF No. 1-3); Jordan Construction "entered into a written contract with independent contractor MGI" who would construct the metal building (*id.* ¶¶ 38, 45, ECF No. 1-3); Chavez of MGI "hired" Carrasco-Suarez to perform the work of constructing the metal building frame (*id.* ¶ 40); Jordan Construction became the general contractor (*id.* ¶ 44); and Carrasco-Suarez was one of the MGI laborers (*id.* ¶¶ 50, 56) and/or a worker (*id.* ¶¶ 51, 54). While these allegations may not definitively establish what Carrasco-Suarez's relationships to MGI, Jordan Construction, or Bobylandia were, Atain does not argue that the Court should decide this issue on the allegations of the Underlying Amended Complaint alone. According to Atain, the state court in the Underlying Lawsuit made a ruling that is "highly relevant" to the issue in Atain's favor. According to the Complaint, in the Underlying Lawsuit, the state court adjudicated that Jordan Construction is the statutory employer of Carrasco-Suarez. (Compl. ¶ 47, ECF No. 1). Attain thus asserts that "the facts that have been conclusively determined in the Underlying Lawsuit demonstrate that the Employer's Liability Exclusion applies." (Pl.'s Resp. 3, ECF No. 27.) If Attain is correct, then *Lopez*'s admonition that an insurer has a duty to defend until it can be determined in the primary action whether the exclusionary provision in the policy applies may have already been satisfied, and this Court need not await further factual development in the Underlying Litigation.

Defendants dispute the significance of the ruling, arguing that the meaning of "statutory employer" is confined to the context of the New Mexico's Workers' Compensation Act

7

("NMWCA") and, because of the NMWCA's broad definitions, the ruling still leaves open the question as to whether Jordan Construction was a primary contractor hiring a subcontractor hiring the worker. They ask this Court to hold that the "statutory employer" status alone has no bearing on whether the injured worker is employed by a specific entity in a specific fashion. According to Defendants, because the state court ruling is not dispositive, factual development in the underlying suit is needed as to MGI's connection to Bobylandia and Carrasco-Suarez's connection to MGI.

Defendants have not convinced the Court that the competing interests in this case favor a stay of the matter at this time. If Atain is correct that the state court ruling on the statutory employer issue resolves the pertinent legal issues here, then in accordance with *Lopez*, the relevant factual issue was resolved in the primary action and there is no longer a need to await additional factual development. On the briefing on this motion to stay, the parties have not fully fleshed out the contours of the state court's statutory employer ruling and how it applies to the Employer's Liability Exclusion. Defendants ask the Court to make the ruling on the current record, faulting Plaintiff for not litigating the issue more fully in response to the motion to stay. The Court, however, agrees with Plaintiff's contention that the meaning of the state court's ruling is one of the main issues in this case and should be decided, not on a motion to stay, but with full briefing dedicated to the issue.

Defendants may ultimately be correct that the state court's ruling is not dispositive of the question here and that further factual development in the underlying case is necessary before this Court can determine the coverage issues. If that occurs, then Defendants may re-raise the issue of a stay. At this juncture, however, the Court will deny the motion to stay to allow the issue of the meaning of the statutory-employer ruling to be resolved directly and with full briefing dedicated to the issue. *Cf. United Financial Cas. Co. v. Morales*, Civ. No. 20-867 JAP/CG, 2021 WL 65557,

at *8 (D.N.M. Jan. 7, 2021) ("[T]here is no need for additional factual development in the underlying state court proceedings. Additionally, there are unresolved discrete legal issues that this Court can address that would negate the need for further factual development. And while the Court takes no position on the merits of those legal issues at this juncture, it will not deprive Plaintiff of the opportunity to argue on summary judgment that, as a matter of law, it is entitled to a no-coverage declaration based on them.").

In sum, Defendants have not established a clear case of hardship or inequity in being required to go forward in this case. Atain has showed some prejudice in delaying a decision on whether they have a duty to defend until after the completion of the Underlying Lawsuit. Judicial economy concerns weigh in favor of proceeding in this case until the record is complete enough for the Court to determine whether the decisions already rendered in the Underlying Lawsuit resolve the dispositive factual questions in this case.

**IT IS THEREFORE ORDERED** that *Defendants Bobylandia, LLC, Roberto Assael, and Guillermo Garcia's Motion to Stay Proceedings* (**ECF No. 24**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE